IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

**CHEVY CHASE FUNDING, LLC**           *

      Plaintiff,                               *

v.                                                                    Case No.: GJH-16-1804

                                                                 *

**TIMOTHY F. WALSH,** *et al.*

                                                                 *

      Defendants.

                                                                 *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM OPINION**

Plaintiff Chevy Chase Funding, LLC, Mortgage-Backed Certificates, Series 2005-1, U.S. Bank National Association as Trustee ("Plaintiff" or "CCF Trust") brings suit against Defendants Timothy F. Walsh, as Trustee of the Berwyn Road Historic Preservation and Conservation Trust (the "Berwyn Road Trust"), Gregory J. Walsh, Christina Walsh, and Branch Banking and Trust Co. ("BB&T")[1] (collectively, "Defendants"), seeking declaratory and other relief, adjudging that the Berwyn Road Trust is void and that Plaintiff holds the first-priority lien against Defendants' Property. Presently pending before the Court is Gregory and Christina Walsh's Motion to Dismiss, ECF No. 7. No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Walshes' Motion to Dismiss is denied.

**I.    BACKGROUND**

On January 12, 2004, Gregory and Christina Walsh (the "Walshes") purchased the Property located at 5012 Berwyn Road, College Park, Maryland 20740 (the "Property") for $206,000.00. ECF No. 1 ¶ 9. To effectuate this purchase, the Walshes took out two purchase

---

[1] An entry of default was entered against BB&T on October 27, 2016. ECF No. 16.

money loans from Impac Funding Corp. d/b/a Impac Lending Group. *Id.* ¶ 10. The Walshes executed the first Deed of Trust ("First DCT") to secure one purchase money loan for $164,800.00. *Id.* ¶ 11. They then executed a second Deed of Trust ("Second DOT") to secure another purchase money loan for $41,200.00, both loans in favor of Impac Funding. *Id.* ¶ 12.

On May 20, 2004, the Walshes transferred the Property via deed of conveyance (the "Deed") to "Timothy F. Walsh as Trustee of the Berwyn Road Historic Preservation and Conservation Trust." ECF No. 1-2 at 1.[2] The Deed was executed "in consideration of Zero Dollars (0.00)." *Id.* This conveyance was recorded in the Land Records for Prince George's County on June 28, 2004. ECF No. 1 ¶ 13. Gregory and Christina Walsh certified under penalty of perjury on a signed Affidavit that as "sole owners of the property referenced above," they were "the sole beneficiaries of the trust." ECF No. 1-2 at 3. The Affidavit also stated that the Berwyn Road Trust was "revocable," but did not describe the methods by which the Trust could be revoked. *Id.*

On October 1, 2004, the Walshes borrowed $212,000.00 from Chevy Chase Bank, FSB (the "Subject Loan"), the terms and conditions of which were set forth in a promissory note (the "Subject Note"). ECF No. 1 ¶ 19. The Walshes also executed a deed of trust (the "Subject DOT") in which "they purported to grant the Property in trust as security for the Subject Loan." *Id.* According to Plaintiff's Complaint, during the transaction, the Walshes "signed an Owner's Affidavit attesting to the fact that they were owners of the Property and that they had not conveyed the Property to any third party." *Id.* ¶ 20. The Walshes then used the $212,000.00 Subject Loan to pay off the First DOT and Second DOT. *Id.* ¶¶ 21–23. The Walshes allegedly also took out another loan for $100,000.00 from Defendant BB&T on July 22, 2005. *Id.* ¶ 25.

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

2

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Delaware, having its principal office and place of formation in Delaware. ECF No. 1 ¶ 2. The Complaint states on information and belief that the Berwyn Road Trust is a citizen of Maryland or Virginia, and that the Walshes are citizens of Virginia. *Id.* ¶¶ 3–4. The amount in controversy exceeds $75,000. *Id.* ¶ 6. The CCF Trust is the owner of the Subject Loan and beneficiary of the Subject DOT in this case. ECF No. 1 ¶ 24. Plaintiff has brought suit against Defendants for 1) a declaratory judgment that the Subject DOT pierces the Berwyn Trust, 2) a declaratory judgment that the Berwyn Trust is void, 3) equitable mortgage, 4) unjust enrichment, 5) equitable subrogation, 6) reformation, and 7) fraudulent conveyance, and 8) breach of contract.

## II.     STANDARD OF REVIEW

Plaintiff seeks declaratory relief, *inter alia*, in this action. "Because the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201–2202, is procedural in nature, *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937), in a diversity action such as this, federal, not state, law determines whether a district court may properly render a declaratory judgment." *Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 993 (D. Md. 2002). "The same pleading standards that apply in other civil actions govern proceedings under the DJA. Thus, in seeking a declaratory judgment—just as in seeking any other remedy—a plaintiff must state a claim upon which relief can be granted." *Id.*

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB–12–237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012). A motion to dismiss under 12(b)(6) "test[s] the adequacy of a complaint." *Prelich v. Med. Res., Inc.*, 813 F. Supp. 2d 654, 660 (D. Md. 2011) (citing *German v. Fox*, 267 F. App'x 231, 233 (4th Cir. 2008)). Motions to dismiss for failure to

state a claim do "not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Prelich*, 813 F. Supp. 2d at 660 (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). To overcome a Rule 12(b)(6) motion, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In evaluating the sufficiency of the Plaintiff's claims, the Court accepts factual allegations in the complaint as true and construes the factual allegations in the light most favorable to the Plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The court should not grant a motion to dismiss for failure to state a claim for relief unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50).

Additionally, to state a claim sounding in fraud, as here, a party must also "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) requires "that a plaintiff alleging fraud must make particular allegations of the time, place,

speaker, and contents of the allegedly false acts or statements." *Adams v. NVR Homes, Inc.*, 193 F.R.D. 243, 249–50 (D. Md. 2000); *U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (describing the "who, what, when, where, and how" of the fraud claim). Despite these heightened requirements, "a court should hesitate to dismiss if it finds (1) that the defendant[s] [have] been made aware of the particular circumstances for which [they] will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Nat'l Mortg. Warehouse, LLC v. Trikeriotis*, 201 F. Supp. 2d 499, 505 (D. Md. 2002) (describing pleading requirements in case of fraudulent conveyance) (internal citations omitted).

By submitting the affidavit of Gregory Walsh, the Walshes invite the Court to treat their motion to dismiss as a motion for summary judgment. *See Trikeriotis*, 201 F. Supp. 2d at 502. The Court declines to do so in this case. When "matters outside the pleadings are presented to and not excluded by the court, [a 12(b)(6) motion] shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." *Id.* (citing Fed. R. Civ. P. 12(d)) (alterations in original). "Reasonable opportunity means that all parties must be given some indication by the court that it is treating the 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits and pursue reasonable discovery." *Id.* (citing *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (internal citations omitted). Here, summary judgment would be premature, as the parties have not had adequate opportunity for discovery to address the issues raised in the affidavit. The Court will resolve the pending motion as a motion to dismiss.

5

### III.   ANALYSIS

#### A. The Berwyn Road Trust and Deed of Conveyance – Counts One, Two, Six, and Seven

The majority of Plaintiff's claims arise from the Walshes' transfer of the Property to the Berwyn Road Trust prior to their execution of the Subject Note and Subject DOT with Plaintiff. Plaintiff asserts that "the existence of the Deed [conveying the Property to the Berwyn Road Trust] creates a cloud on the CCF Trust's interest in the Property through the Subject DOT." ECF No. 1 ¶ 43. Plaintiff further alleges that the Walshes created the Berwyn Road Trust and transferred the Property to the Berwyn Road Trust "for the sole purpose of avoiding creditors and defrauding the CCF Trust." *Id.* ¶ 36. Plaintiff asks the Court to declare the Deed a nullity and declare the Subject DOT as the first-priority lien against the entire Property.

In Maryland, "the law is well established that where a settlor[3] has reserved the power to revoke the trust, but has not specified any mode of revocation, the power can be exercised in any manner which sufficiently manifests the intention of the settlor to revoke the trust." *Hoffa v. Hough*, 181 Md. 472, 475 (1943); *see also Lambdin v. Dantzebecker*, 169 Md. 240, 181 A. 353, 357 (1935). Where, for example, "a settlor retains the power to sell certain property subject to a trust, and later conveys the property to someone else, the conveyance itself is an implied revocation of the trust, as the trustee and the cestui que trust[4] are divested of all interest in the property." *Hoffa*, 181 Md. at 475 (citing *O'Brien v. Holden*, 104 Vt. 338, 160 A. 192, 196 (Vt. 1932).

Here, the Berwyn Road Trust, by the face of its Deed, is "revocable" and does not provide any specific methods of revocation. Nor do the Walshes, in their Motion to Dismiss,

---

[3] A settlor is one that "creates a trust of property." https://www.merriam-webster.com/dictionary/settlor (last visited March 3, 2017). The settlors in this case are the Walshes.

[4] *Cestui que trust* refers to the beneficiary of the trust. http://thelawdictionary.org/cestui-que-trust/ (last visited March 3, 2017).

appear to state whether the Berwyn Road Trust was or was not revoked. Thus, Plaintiff's claim that execution of the Subject DOT in favor of Plaintiff CCF acted as an implied revocation of the Berwyn Road Trust is plausible. Indeed, at all times relevant to the action, the Walshes were the sole settlors and beneficiaries of the Trust, apparently exercising complete control over the Trust. Moreover, the Maryland Trust Act provides that "[d]uring the lifetime of the settlor, the property of a revocable trust is subject to claims of the creditors of the settlor." Md. Code, Est. & Trusts § 14.5-508. CCF is such a creditor. Accordingly, Defendants' Motion to Dismiss Count One, declaratory judgment that the Subject DOT pierces the Berwyn Road Trust, is denied.

Second, "[a] trust may be created only to the extent that the purposes of the trust are lawful, not contrary to public policy, and possible to achieve." Md. Code, Est. & Trusts § 14.5-404. A trust created for a fraudulent purpose is void. § 14.5-405. Here, the Walshes allegedly conveyed the Property to the Berwyn Road Trust only a few months after the Walshes purchased the Property, and only several months before they borrowed the Subject Loan from CCF. ECF No. 1 at 3–4. Plaintiff alleges that the Walshes "did not disclose to the CCF Trust that they had executed and recorded the Deed prior to the grant of the Subject DOT." ECF No. 1 ¶ 37. Instead, the Walshes "affirmatively represented to the CCF Trust that they were still the owners of the Property when applying for the loan and executing loan documents." *Id.* ¶ 38. Plaintiff have further claimed that the Deed was executed with zero consideration, attaching the signed Deed containing this affirmation. ECF No. 1-2 at 1. Hence, Plaintiff has pleaded sufficient facts that would establish the Berwyn Road Trust is void.

Similarly, to state a claim for fraudulent conveyance, "the plaintiff needs to allege that a creditor-debtor relationship exists and that the debtor has fraudulently transferred assets." *Trikeriotis*, 201 F. Supp. 2d at 502 (D. Md. 2002) (citing *Dixon v. Bennett*, 72 Md.App. 620, 623

n. 2 (1987)). A conveyance is fraudulent to both present and future creditors when such a conveyance is made "without fair consideration when the person who makes the conveyance or who enters into the obligation intends or believes that he [or she] will incur debts beyond his [or her] ability to pay as they mature" or when it is made with "actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud present or future creditors." Md. Code, Com. Law §§ 15-206–07. Here again, the Deed conveyed the Property to the Berwyn Road Trust for zero consideration. The Walshes shortly after incurred a large Loan from CCF and granted the same Property in trust as security for that Loan. ECF No. 1 ¶¶ 18–19. The Walshes affirmed to CCF that they had not conveyed the Property to anyone else, and in reliance on those statements, Plaintiff lent the Walshes $212,000.00. *Id.* ¶ 39. Accordingly, Plaintiff has pleaded sufficient facts to state a claim for fraudulent conveyance.

With respect to its claim for reformation, Plaintiff alleges that "through negligence, mutual mistake, and/or clerical error, the subject DOT does not contain the signature of the trustee of the Berwyn Road Trust." ECF No. 1 ¶ 64. Thus, Plaintiff seeks to have the DOT "reformed" to include the signature of the trustee of the Berwyn Trust, which would "accurately reflect" the intentions of the parties to the agreement. *Id.* ¶ 65. Under Maryland law, "[w]here the instruments intended to carry into execution a written or oral agreement, but fail to express the manifest intention of the parties on account of a mistake of the draftsman . . . equity will rectify the mistake to make the instruments express the real intention of the parties." *Painter v. Delea*, 229 Md. 558, 564–65 (1962). Here, Plaintiff claims that the signature of the trustee is necessary to rectify either "(1) the Walshes' fraud in misrepresenting that they still owned the Property directly or (2) the mutual mistake of fact arising from the Walshes and the CCF Trust both believing that the Walshes still owned the Property." ECF No. 12 at 10. Indeed, the Complaint

8

states that on October 1, 2004, Gregory and Christina Walsh executed the Subject DOT and signed an Owner's Affidavit attesting that they were the owners of the Property. However, prior to this date, the Walshes had conveyed the Property in "fee simple absolute" to the Berwyn Road Trust. Thus, Plaintiffs have alleged that the omission of the Berwyn Road Trustee's signature constitutes a mistake. This mistake could, in the Plaintiff's view, lead someone to "later claim that the Subject DOT fails to accurately manifest the intention of the parties." ECF No. 1 ¶ 64. Hence, Plaintiff has pleaded sufficient facts that would entitle it to reformation.

### B. Equitable Mortgage and/or Equitable Subrogation – Counts Three and Five

Plaintiff claims that the defects in its lien interest were caused by Defendants' fraudulent conduct, entitling it to equitable relief. The law is clear that "if an individual obtains real property by fraud and executes a mortgage on that property, the mortgage is valid in the absence of proof that the mortgagee had notice of the fraud." *Holliday v. Holliday*, No. 8:09-CV-01449-AW, 2011 WL 3565566, at *6 (D. Md. Aug. 11, 2011) (citing *Wicklein v. Kidd,* 149 Md. 412, 131 A. 780, 783 (Md. 1926) (internal citations omitted). Thus "[a] bank that is an assignee of a deed of trust from a mortgage 'is entitled to the protections available to bona fide purchasers for value, when such lenders were without notice of the mortgagor's fraudulent conduct.'" *Id*. (quoting *Washington Mut. Bank v. Homan,* 186 Md. App. 372, 390 (Md. 2009)). A court sitting in equity may declare an instrument to be an "equitable mortgage" where, on its face, the instrument appears to be a mortgage, but is "defective in some manner." *Equitable Trust Co. v. Imbesi*, 287 Md. 249, 254–55 (1980); *see also Dyson v. Simmons*, 48 Md. 207, 214 (1878) (noting that "if a party makes a mortgage, or affects to make one, but it proves to be defective, by reason of some informality or omission . . . as the instrument is at least evidence of an agreement

to convey, the conscience of the mortgagor is bound, and it will be enforced by a court of equity.").

Here, the Subject DOT between Plaintiff and the Walshes bears the hallmarks of a mortgage. *See Equitable Trust Co.*, 287 Md. at 253–54. The Walshes took out the Subject Loan with the promise to re-pay. ECF No. 1 ¶ 18. The Walshes conveyed their Property in trust as security for the Subject Loan. *Id.* ¶ 19. And the Subject DOT was recorded in the Land Record for Prince George's County. *Id.* As the Maryland Court of Appeals has stated:

> The law of Maryland is therefore that where one who has the right and power to do so intends by a writing to create a lien on his land to secure another but fails to create a statutorily valid security instrument, his expressed intention may be enforced in equity by the other party to the instrument.

*Adams v. Avirett*, 252 Md. 566, 571 (1969). It appears that the parties intended to create a lien on the Property. Thus, notwithstanding the Subject DOT's possible defects, Plaintiff has stated a claim that would entitle it to an equitable mortgage on the Property.

Maryland law also recognizes the doctrine of equitable subrogation. *Holliday*, 2011 WL 3565566, at *6 (citing *G.E. Capital v. Levenson*, 338 Md. 227, 657 A.2d 1170, 1175 (Md. 1995)). Equitable subrogation "provides that [a lender] who pays the mortgage of another and takes a new mortgage as security will be subrogated to the rights of the first mortgagee." *Id.*; *see also CitiMortgage, Inc. v. Holmes*, No. CIV.A. DKC 13-1641, 2014 WL 3055563, at *3 (D. Md. July 1, 2014) ("Where a lender has advanced money for the purpose of discharging a prior encumbrance in reliance upon obtaining security equivalent to the discharged lien, and [its] money is so used . . . if [it] did so in ignorance of junior liens or other interests[,] [it] will be subrogated to the prior lien.").

In this case, Plaintiff alleges that it provided Defendants a loan for $212,000.00. ECF No. 1 ¶ 18. The Walshes did not disclose, and Plaintiff was unaware, that the Property had been

10

conveyed to the Berwyn Road Trust. Defendants then used the Subject Loan from Plaintiff to pay off the First DOT and Second DOT on the Property. Thus, even if deficiencies render the Subject DOT unenforceable, Plaintiff could still prevail on a theory of equitable subrogation, placing it in the shoes of the first-priority lien holder. *See In re Green*, 474 B.R. 790, 794 (Bankr. D. Md. 2012) (discussing application of equitable subrogation); *see also CitiMortgage, Inc.*, 2014 WL 3055563, at *3. The Walshes' Motion to Dismiss Counts Three and Five is thus denied.

### C.  Unjust Enrichment – Count Four

To state a claim for unjust enrichment, plaintiff must show "that the defendant retained a benefit conferred by the plaintiff 'under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.'" *Bowers v. Bank of Am., N.A.*, 905 F. Supp. 2d 697, 703 (D. Md. 2012) (citing *Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295 (2007)). In the Complaint, CCF has pled that it conferred a benefit on the Defendants by "providing $212,000.00 in direct monetary benefit to the Berwyn Road Trust through the extinguishment of liens [First DOT and Second DOT] encumbering the Property." ECF No. 1 ¶ 54. The Berwyn Road Trust "acknowledged and appreciated" this monetary benefit by its receipt of title to the Property without making further payments on the First DOT or Second DOT. CCF states that it advanced the Subject Loan "with the intention of receiving equivalent security in return." However, Plaintiff allegedly did not receive an unclouded lien interest for the Subject Loan, but rather, it received a defected interest. Thus, if proven true, it would be inequitable for Defendants to retain a clear title to the Property without payment of its value. Plaintiff has stated a claim for unjust enrichment.

### D. Breach of Contract – Count Eight

Finally, to state a claim for breach of contract, "a plaintiff need only allege the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation by the defendant." *RRC Ne., LLC v. BAA Maryland, Inc.*, 413 Md. 638, 658 (2010). Here, Plaintiff alleges that "Gregory and Christina Walsh executed the Subject DOT and Subject Note, creating a valid enforceable contract with CCF." ECF No. 1 ¶ 71. This agreement obligated the Walshes to make monthly payments of principal, interest, taxes and insurance. *Id.* ¶ 72. Plaintiff has alleged that the Walshes have failed to make payments as agreed, and thus that they are in default of their obligations. *Id.* ¶ 73. Nothing more is needed at this stage to state a claim for breach of contract.

### E. Standing to Enforce

Defendants attempt to make the additional argument in their Motion to Dismiss that the CCF Trust somehow lacks standing to enforce the Subject Note. They claim that "neither the Note, nor the DOT, was assigned to the CCF Trust by the closing date of February 28, 2005," and "CCF Trust does not have, nor has ever had, the right to initiate a judicial foreclosure upon the Property." ECF No. 7 ¶¶ 16, 29. These are affirmative defenses not properly considered at this juncture. *See Nat'l Mortg. Warehouse, LLC v. Trikeriotis*, 201 F. Supp. 2d 499, 504 (D. Md. 2002). Additionally, CCF Trust has alleged that it holds and owns the Subject Note, and that it is the beneficiary of the Subject DOT on the Property. ECF No. 1 ¶ 18, ECF No. 12 at 2. That is all that is required. *See Anderson v. Burson*, 196 Md. App. 457, 471 (2010) (discussing "holder of the instrument" as "persons entitled to enforce"). To the extent that Defendants object to any assignment or re-assignment of the promissory note, Defendants have not alleged they were parties to those contracts and therefore are not in a position to challenge them. *See Henry v.*

12

*Aurora Loan Servs., LLC*, No. CV TDC-14-1344, 2015 WL 1248672, at *3 (D. Md. Mar. 25, 2016) (finding that homeowner lacked standing to challenge assignments of the Deed and Note because he was not a party or third-party beneficiary to those contracts).

### F. Motion for a More Definite Statement

In the alternative, Defendants move for a more definite statement pursuant to Rule 12(e). Rule 8(d) directs that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d). Accordingly, Rule 12(e) "provides: '[i]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired.' " *Barry v. EMC Mortg.*, No. CIV.A. DKC 10-3120, 2011 WL 2669436, at *3 (D. Md. July 6, 2011) (citing Fed. R. Civ. P. 12(e)). However, "[t]he class of pleadings that are appropriate subjects for a motion under Rule 12(e) is quite small. . . . the pleading must be sufficiently intelligible for the district court to be able to make out one or more potentially viable legal theories on which the claimant might proceed." *Id.* (citing 5C Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1376); *see also Frederick v. Koziol*, 727 F.Supp. 1019, 1020–21 (E.D. Va. 1990) ("The motion for more definite statement is 'designed to strike at unintelligibility rather than simple want of detail,' and the motion will be granted only when the complaint is so vague and ambiguous that the defendant cannot frame a responsive pleading."). The decision "whether to grant a motion for more definite statement is committed to the discretion of the district court." *Barry*, 2011 WL 2669436, at *3 (citing *Crawford–El v. Britton*, 523 U.S. 574, 597–98 (1998)).

Here, the Court does not find Plaintiff's Complaint to be unintelligible or otherwise warranting a more definite statement. Rather, Plaintiff has laid out a clear statement of facts,

13

eight labeled causes of action, and factual allegations tied to each cause of action. ECF No. 1. Nothing more is required under Rule 8(d). *See Gladney v. Am. W. Home Ins. Co.*, No. CIV.A. ELH-15-1559, 2015 WL 5009088, at *6–7 (D. Md. Aug. 20, 2015) (denying defendants' motion for a more definite statement, even though it was "not particularly detailed, and there is room for improvement in the clarity of the allegations"). The motion for a more definite statement is denied.

IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied. A separate Order shall issue.

Date: March 7, 2017

George J. Hazel
United States District Judge