**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | |
|---|---|
| CHEVY CHASE FUNDING, LLC, | * |
| Plaintiff, | * |
| v. | * Case No.: GJH-16-1804 |
| | * |
| TIMOTHY F. WALSH, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

In this suit, Plaintiff Chevy Chase Funding, LLC ("Chevy Chase") has sued Defendants Timothy F. Walsh, as Trustee for the Berwyn Road Historic Preservation and Conservation Trust (the "Berwyn Road Trust"), Gregory J. Walsh and Christina Walsh (the "Walshes"), and Branch Banking and Trust Co. ("BB&T") over a mortgage that the Walshes took out on their property. *See* ECF No. 1. Chevy Chase seeks an order from the Court either amending the contracts between the parties, or declaring that Chevy Chase has a first-priority lien on the Walshes' property. *Id.* at 6–7. The Clerk submitted entries of default against the Walshes for failure to answer the Complaint. ECF No. 24, ECF No. 34. Now pending before the Court is Chevy Chase's Motion for Default Judgment, ECF No. 36, and the Walshes' Motion Under Federal Rule of Civil Procedure 60(b) For Leave to File An Answer Later Than The 21 Days Required Due To Excusable Neglect ("Motion for Extension of Time"), ECF No. 37. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Chevy Chase's motion, ECF No. 36, is granted and the Walshes' motion, ECF No. 37, is denied.

1

**I.    BACKGROUND**[1]

The parties dispute the property rights of a piece of real property, 5012 Berwyn Road, College Park, Maryland 20740 (the "Property"). ECF No. 1 ¶ 1. On January 12, 2004, Gregory and Christina Walsh purchased the Property for $206,000. The entire purchase was funded with two purchase loans from Impac Funding Corp. d/b/a Impac Lending Group ("Impac"). *Id.* ¶¶ 9–10. One loan was for $164,800, and the other was for $41,200; both loans were secured by Deeds of Trust, which were recorded in the Land Records for Prince George's County. *Id.* ¶¶ 11–12.

On June 28, 2004, Gregory, Christina and Timothy Walsh (as trustee) (collectively, the "Walshes") recorded a deed purporting to transfer the Property from Gregory and Christina to the Berwyn Road Trust for no consideration. *Id.* ¶ 13. The deed certified that Gregory and Christina are the sole beneficiaries of the Berwyn Road Trust, which is a revocable trust. *Id.* ¶ 14.

On October 1, 2004, Gregory and Christina borrowed $212,000 from Chevy Chase Bank, FSB, whose terms and conditions were set forth in a promissory note (together, the "Subject Loan" and "Subject Note"). *Id.* ¶ 18. To secure the loan, they executed a deed of trust (the "Subject DOT") in which they purported to grant the Property as security for the Subject Loan; at closing, they signed an affidavit declaring that they were the owners of the Property. *Id.* ¶¶ 19–20. Gregory and Christina used the proceeds of the Subject Loan to pay off the Impac loans, which were released on October 26, 2004, and December 13, 2004. *Id.* ¶ 23. Chevy Chase is the owner of the Subject Loan and beneficiary of the Subject DOT. *Id.* ¶ 24.

Chevy Chase commenced this action on June 2, 2016. ECF No. 1. Gregory and Christina Walsh submitted a Motion to Dismiss on July 27, 2016, ECF No. 7, which the Court denied on

---

[1] Unless otherwise stated, the background facts are taken from Plaintiff's Amended Complaint, ECF No. 1, and are presumed to be true.

March 7, 2017, ECF No. 20. The Court instructed the Walshes to file their Answer to the Complaint within 21 days. ECF No. 20. The Walshes failed to file an Answer, and the Clerk entered an order of default against Timothy Walsh on June 7, 2017, ECF No. 24, and against Christina and Gregory Walsh on November 1, 2017, ECF No. 34. Chevy Chase filed the now-pending Motion for Default Judgment on November 14, 2017, ECF No. 36, and the Walshes filed the now-pending Motion for Extension of Time on December 27, 2017, ECF No. 37.

Chevy Chase argues that it is entitled to default judgment in its favor because the Walshes have not filed an Answer to their Complaint. ECF No. 36. The Court addresses the Walshes' motion first, as granting the Walshes' motion would render Chevy Chase's motion moot.

## II. Motion for Extension of Time to Answer

The Federal Rules of Civil Procedure provide that a court "may, for good cause" extend the time for a party to file a briefing "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). "Excusable neglect is not easily demonstrated." *Martinez v. United States*, 578 Fed. App'x. 192, 194 (4th Cir. 2014) (internal citation and quotation marks omitted). Indeed, "'[a] district court should find excusable neglect only in the *extraordinary cases* where injustice would otherwise result.'" *Ward v. Branch Banking & Trust Co.*, No. ELH-13-1968, 2016 WL 4492706, at *5 (D. Md. Aug. 25, 2016) (quoting *Thompson v. E.I. Dupont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)) (emphasis in *Thompson*). The Supreme Court articulated the standard for "excusable neglect" in *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, identifying four factors for courts to consider, including "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it

was within the reasonable control of the movant, and [4] whether the movant acted in good faith." 507 U.S. 380, 395 (1993); *see also Thompson*, 76 F.3d at 533. "The most important factor considered by a court is the reason for the delay." *Rothenberg v. Marriott Int'l, Inc.*, No. CCB-08-173, 2008 WL 687033, *1 (D. Md. Feb. 29, 2008) (citing *Thompson*, 76 F.3d at 534); *see also United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (noting that "the *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import") (internal citation and quotation marks omitted).

In their Motion for Extension of Time, ECF No. 37, the Walshes argue that the Court should allow them to file a late Answer because Gregory Walsh has "a heavy work schedule as a NASA engineer and [he] cannot always take time away from work activities to do legal research and prepare pleadings," and that his wife, Christina, "also works and does not have the time and experience for legal research and legal document preparation." ECF No. 37 at 1–2.[2] The Walshes further urge that they are "not experienced nor are [they] trained at the level of an attorney." ECF No. 37 at 2.[3]

In response, Chevy Chase points out that nine months have passed since the Walshes' Answer was due. ECF No. 39 at 1. Chevy Chase further points out that in that same period of time during which the Walshes claim they were too preoccupied with work to file legal briefings, they in fact filed twenty documents in six open cases. *Id.* at 3. Chevy Chase argues that the Walshes were not unaware that they had missed their deadline to file an Answer, because Chevy

---

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[3] The Walshes also point out that "the answer was filed later than required but it was filed." ECF No. 37 at 1. There is no evidence on the record, however, that the Walshes in fact filed an Answer. The Court concludes that this statement is one of several in the Walshes' briefings which were erroneously included from prior filings, and disregards it. *See also* ECF No. 38 at 2–3 ("The District Court of the United States for the Northern District of California has a duty to hold us to less stringent standard than attorneys.").

Chase told them so when it filed a request for default in this case in May 2017, ECF No. 23. The Walshes did not respond to that request.

This is not a situation where inexperienced litigants missed a deadline that they were unaware of by a few days for reasons outside of their control. Instead, the Walshes, who are serial litigants, have never filed their Answer, which was due on March 28, 2017. ECF No. 20, ECF No. 23. They were expressly made aware of the deadline by the Court on March 7, 2017, ECF No. 20, and were informed by Chevy Chase that they had missed the deadline on May 19, 2017, ECF No. 23. The Walshes did not seek an extension or attempt to justify their delay until December 27, 2017. ECF No. 37. The Walshes' only excuse is that their work schedules do not permit them the ability to take the time to file legal pleadings. As discussed above, this has not prevented them, however, from filing twenty documents in six open cases between March and December 2017. The Court finds that the Walshes have not demonstrated excusable neglect in failing to submit an Answer, and denies their Motion for Extension of Time.

### III. Default Judgment for Chevy Chase

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted

because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422. Thus, the court first determines whether the unchallenged factual allegations constitute a legitimate cause of action. *Agora Fin., LLC v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010). In determining whether the factual allegations constitute a legitimate cause of action, courts typically apply the *Iqbal/Twombly* pleading standard. *See Baltimore Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011) (finding *Iqbal* "relevant to the default judgment inquiry"). Under *Iqbal,* a complaint fails to state a claim entitling the pleader to relief if the complaint offers only "'labels and conclusions'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555–57 (2007)). As the Fourth Circuit has recognized, "'the court need not accept the legal conclusions drawn from the facts, and [ ] need not accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Monroe v. City of Charlottesville,* 579 F.3d 380, 385–86 (4th Cir.2009) (citation omitted), *cert. denied,* 559 U.S. 992 (2010); *accord Simmons v. United Mortg. & Loan Investment, LLC,* 634 F.3d 754, 768 (4th Cir. 2011). Indeed, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Once a court establishes liability in a default judgment case, the court then makes an independent determination of damages. *Agora Financial, LLC,* 725 F. Supp. 2d at 494. Fed. R. Civ. P. 54(c) limits the type of judgment that may be entered based on a party's default: "A

default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." In entering default judgment, a court cannot, therefore, award additional damages "because the defendant could not reasonably have expected that his damages would exceed th[e] amount [pled in the complaint]." *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F. Supp. 2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL 1568595, at *3 (D. Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

The Court accepts as true the facts pleaded in Chevy Chase's Complaint, and must determine whether these facts sufficiently establish liability. In their Complaint, Chevy Chase asserts eight counts, and claims it is now entitled to default judgment on each count. In their proposed judgment, however, Chevy Chase asks the Court to grant judgment as to Count One, and to dismiss the other counts without prejudice as moot, as the counts request largely duplicative relief. ECF No. 36-2 at 1–2.

In Count One, Chevy Chase seeks a judgment declaring that the Subject DOT is a first-priority lien against the entire Property, reforming the Subject DOT to include the Berwyn Road Trust as a grantor and signor, appointing a Trustee to execute a confirmatory Subject DOT on behalf of the Berwyn Road Trust, and ordering the Clerk of the Circuit Court to accept a copy of the Court's judgment. ECF No. 1 at 6–7. Chevy Chase argues that "the intent of the parties was that the Subject DOT would secure repayment of the Subject Loan with a lien against the Property," and that as beneficiaries of a revocable trust, this "[p]ierces the Berwyn Trust,"

7

revoking the trust and making the Subject DOT a valid grant. *Id.* at 6. In their Opposition to Plaintiff's Motion for a Default Judgment, ECF No. 38, the Walshes do not contest any of these points.

In its Memorandum Opinion denying the Walshes' Motion to Dismiss, the Court found that Chevy Chase had sufficiently pleaded a plausible claim in Count One. *See Chevy Chase Funding, LLC v. Walsh*, No. GJH-16-1804, 2017 WL 908184 (D. Md. March 7, 2017). The Court reasoned that:

> In Maryland, "the law is well established that where a settlor[4] has reserved the power to revoke the trust, but has not specified any mode of revocation, the power can be exercised in any manner which sufficiently manifests the intention of the settlor to revoke the trust." *Hoffa v. Hough*, 181 Md. 472, 475 (1943); *see also Lambdin v. Dantzebecker*, 169 Md. 240 (1935). Where, for example, "a settlor retains the power to sell certain property subject to a trust, and later conveys the property to someone else, the conveyance itself is an implied revocation of the trust, as the trustee and the cestui que trust[5] are divested of all interest in the property." *Hoffa*, 181 Md. at 475 (citing *O'Brien v. Holden*, 160 A. 192, 196 (Vt. 1932)).

Here, "the Berwyn Road Trust, by the face of its Deed, is 'revocable' and does not provide any specific methods of revocation." *Chevy Chase Funding, LLC*, 2017 WL 908184, at *3. Thus, the Walshes' subsequent execution of the Subject DOT (and the accompanying declaration that they were the owners of the Property) was sufficient to revoke the trust, and the trust was "divested of all interest in the property." Thus, the Subject DOT is a first-priority lien against the entire Property.[6]

---

[4] A settlor is one that "creates a trust of property." https://www.merriam-webster.com/dictionary/settlor (last visited March 1, 2018). The settlors in this case are the Walshes.

[5] *Cestui que trust* refers to the beneficiary of the trust. http://thelawdictionary.org/cestui-que-trust/ (last visited March 1, 2018).

[6] The Court declines to reform the Subject DOT to include the Berwyn Road Trust as a grantor and signor, or to appoint a Trustee to execute a confirmatory Subject DOT on behalf of the Berwyn Road Trust, as requested by Chevy Chase. *See* ECF No. 36-2. As the execution of the Subject DOT revoked the Berwyn Road Trust's ownership of the Property, there is no need to include the Berwyn Road Trust in the Subject DOT.

Chevy Chase's Motion for Default Judgment, ECF No. 36, is granted.[7]

**IV.     CONCLUSION**

For the foregoing reasons, Chevy Chase's Motion for Default Judgment, ECF No. 36, is granted and the Walshes' Motion for Extension of Time, ECF No. 37, is denied. A separate Order shall issue.

Date: July  5 , 2018                                      _____/s/_____
                                                                          GEORGE J. HAZEL
                                                                          United States District Judge

---

[7] This Court has previously applied the Supreme Court's Federal Rule of Civil Procedure Rule 12(b)(6) analysis from *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), when analyzing motions for default judgment. *See, e.g.*, *Russell v. Railey*, No. 08-2468, 2012 WL 1190972, *2 (D. Md. April 9, 2012). While the Court addresses only Count One here, it notes that it would have granted default judgment on any of the other Counts as well, and incorporates by reference the Court's analysis in its Memorandum Opinion on the Walshes' Motion to Dismiss, which analyzed each Count of the Complaint under the *Twombly*/*Iqbal* standard, and found each Count to be sufficient. *See Chevy Chase Funding, LLC*, 2017 WL 908184.